UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| COUNCIL ON AMERICAN-ISLAMIC RELATIONS-WASHINGTON,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES CUSTOMS AND BORDER PROTECTION, UNITED STATES DEPARTMENT OF HOMELAND SECURITY,<br><br>Defendants. | Case No. C20-217RSM<br><br>ORDER RE: DOCUMENTS SUBMITTED FOR IN CAMERA REVIEW |

On October 5, 2020, this Court issued an Order directing Defendants to submit for *in camera* review all records withheld or redacted on the basis of FOIA Exemption 7(E). Dkt. #29 at 15. The Court advised that another order addressing these records would be issued after the Court had a chance to review.

The Court has now reviewed these records and determined that the majority were properly withheld and redacted pursuant to Exemption 7(E).

Exemption 7 protects from disclosure records or information compiled for law enforcement purposes, but only to the extent that the production of such records or information would result in one of six specified harms. 5 U.S.C. § 522(b)(7). Under Exemption 7(E),

ORDER RE: DOCUMENTS SUBMITTED FOR IN CAMERA REVIEW - 1

agencies may withhold information "which would disclose techniques and procedures for law enforcement investigation or prosecutions . . . if such disclosure could reasonably be expected to risk circumvention of the law." 5 U.S.C. § 552(b)(7)(E).  The government must show that the technique or procedure at issue is not well known to the public, *see Rosenfeld v. U.S. Dep't of Justice*, 57 F.3d 803, 815 (9th Cir. 1995), and must describe the general nature of the technique or procedure at issue, although it need not provide specific details, *see Judicial Watch, Inc. v. U.S. Dep't of Commerce*, 337 F. Supp. 2d 146, 181 (D.D.C. 2004).

Defendants argued that they invoked Exemption 7(E) to withhold non-public information including law enforcement terminology, techniques, and procedures used to determine admissibility and other similar information that directly relates to CBP's law enforcement mission to protect the border, Exemption Decl. ¶¶ 28-29, Ex. 4, Vaughn Index, and that disclosure would allow persons seeking to enter the United States to alter their patterns of conduct to avoid detection, *see* Dkt. #20 at 20.

FOIA requires that "[a]ny reasonably segregable portion of a record shall be provided to any person requesting such record after deletion of the portions which are exempt under this subsection." 5 U.S.C. § 552(b).  Defendants argued they met this standard.  CAIR argued that Defendants have cited 7(E) in redacting publicly known information and information to shield illegal activity from public disclosure.  Dkt. #23 at 21.

Defendants acknowledged but do not respond to CAIR's argument that 7(E) should not shield the disclosure records of illegal activity.  *See* Dkt. #25 at 10.  In its Cross-Motion, CAIR cited to *Wilkinson v. F.B.I.*, 633 F. Supp. 336, 349 (C.D. Cal. 1986) for the proposition that "[b]ecause the policy behind [Exemption 7(E)] is to shield effective and little-known law enforcement techniques from potential violators so that they may not be circumvented,

ORDER RE: DOCUMENTS SUBMITTED FOR IN CAMERA REVIEW - 2

Exemption 7(E) may not be used to withhold information regarding investigative techniques that are illegal or of questionable legality." Dkt. #23 at 24. CAIR also cites *Kuzma v. IRS*, 775 F.2d 66, 69 (2d Cir. 1985) ("[U]nauthorized or illegal investigative tactics may not be shielded from the public by use of FOIA exemptions."). *Id.* CAIR pointed out Defendants' non-response and that "Defendants also do not contest that the agency engaged in unlawful activity." As a result, the Court has already determined that release of the directive that mandated the detention of individuals based on national origin may be appropriate, along with the release of any communications discussing, implementing, criticizing, or withdrawing that directive.

Given the above, the Court finds that portions of the following documents were not properly withheld under this exemption and orders their production to Plaintiff:

- CBP000017: 7(E) redactions on this page are to be removed.
- CBP000018: The beginning of this document must be produced as it reflects on the underlying unlawful activity. Defendants may continue to redact the bullet points underneath "Procedure" pursuant to 7(E). CBP000019-21, part of the same document, may continue to be redacted as it discusses procedures and knowledge of Defendants related to law enforcement investigation that could allow persons seeking to enter the United States to alter their patterns of conduct to avoid detection.
- CBP000023: This page is nearly identical to CBP000018 and must be produced. Defendants may continue to redact the bullet points underneath "Procedure" pursuant to 7(E). CBP000024-27, part of the same document, may continue to be redacted.

ORDER RE: DOCUMENTS SUBMITTED FOR IN CAMERA REVIEW - 3

- CBP000032: This page reflects updated procedures similar to CBP000018 and must be produced. Defendants may continue to redact the bullet points underneath "Procedure" pursuant to 7(E). CBP000033-39, part of the same document, may continue to be redacted.

- CBP000046-47: This email explicitly discusses a change in procedures related to the vetting of United States citizens and US legal permanent residents. Section 1 and subsection 1a must be unredacted. These do not discuss law enforcement techniques or information that could allow persons seeking to enter the United States to alter their patterns of conduct to avoid detection. Portions of subsection 1b may continue to be redacted to the extent Defendants feel 7(E) still applies. Section 4 must be unredacted. The remaining sections are properly redacted under 7(E).

- CBP000048: The first two sentences in the paragraph, starting with "[f]or this operation, CBP will not…" and ending with "…an attack in the United States" are to be unredacted as they discusses the underlying unlawful activity and do not discuss law enforcement techniques or information that could allow persons seeking to enter the United States to alter their patterns of conduct to avoid detection. The remaining sentences of this paragraph may continue to be redacted under 7(E).

- CBP000062: The first two sentences of point number 3 are identical to the portions in CBP000048 that are to be unredacted. These two sentences must also be unredacted for the same reason. The last sentence of point number 3 must also be unredacted for the same reason.

ORDER RE: DOCUMENTS SUBMITTED FOR IN CAMERA REVIEW - 4

- CBP000063-64: The first two sentences of point number 3 are identical to the portions in CBP000048 that are to be unredacted. These two sentences must also be unredacted for the same reason. The last sentence of point number 3 must also be unredacted for the same reason.

- CBP000084: The paragraph starting with "[i]n order to ensure…" including the bulleted list is to be unredacted.

- CBP000092: The first two sentences of the paragraph starting with "[f]or this operation…" are identical to the portions in CBP000048 that are to be unredacted. These two sentences must also be unredacted for the same reason. The sentence starting with "[d]ue to mandatory…" must also be unredacted for the same reason.

These changes and production to Plaintiff are to be accomplished in the next **14 days**. If any issues arise, especially minor issues, the parties are to confer with each other to reach a reasonable agreement prior to filing any further motions or otherwise contacting the Court.

IT IS SO ORDERED.

DATED this 14th day of December, 2020.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE